UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GLORIANNE R. D'AVINO and
FRANK RODER,

        Plaintiffs,

v.

DEBORAH LEMQUIST and
BENJAMIN SNYDER,

        Defendants.

---

Civil Action No. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

## COMPLAINT

PLAINTIFFS, GLORYANNE DAVINO and FRANK RODER by and through her his attorney the Law Offices of Victor M. Feraru, bring this action against DEFENDANTS DEBORAH LEMQUIST and BENJAMIN SNYDER, upon information and belief allege as follows:

### PRELIMINARY STATEMENT

1. This is a case about cyberbullying at the hands of defendants who profit from his and her harmful acts. Plaintiffs have been put in harm's way by Defendants' speech which has crossed a line from being protected speech into speech that is actionable. This suit flows from Defendants' bad acts.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §1332(a)(1) because this case is a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

3. Venue is properly set in this District under 28 U.S.C. §1391(b) since Defendants have directed his and her acts to Plaintiffs who Defendants know or should have known would have the parties called into Court in the Eastern District of New York. 28 U.S.C. § 1391(b).

4. Consistent with the Due Process Clause of the Fifth and Fourteenth Amendments, the Court has personal jurisdiction over Defendants, because Defendants are present in the Eastern District of New York, so requiring an appearance does not offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Further, All of Plaintiff's claims arise from conduct Defendants have directed towards, and engaged in in the Eastern District of New York.

5. This court also has personal jurisdiction over Defendants under and consistent with the Constitutional requirements of Due Process in that Defendants, acting through their agents or apparent agents, committed one or more of the following:

   a. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

   b. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

   c. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it

   d. regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

  e. expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

  f. owns, uses or possesses any real property situated within the state.

*See* N.Y. C.P.L.R. 302 (McKinney).

## JURY DEMAND

6. The Plaintiffs demands a jury trial in this action.

## PARTIES

7. PLAINTIFF GLORYANNE DAVINO is an individual, who lives and resides at the address known as 48 Catherine Avenue Franklin Square, New York 11010.

8. PLAINTIFF FRANK RODER is an individual, who lives and resides at the address known as 48 Catherine Avenue Franklin Square, New York 11010.

9. DEFENDANT DEBORAH LEMQUIST is an individual, who lives and resides at the address known as 2260 Lee State Park Road, Bishopville, South Carolina 29010.

10. DEFENDANT BENJAMIN SNYDER is an individual, who lives and resides at the address known as 165 Thierman Lane #203, Louisville, Kentucky 40207.

## FACTS

11. On or about December 2022 the Plaintiffs and Defendant DEBORAH LEMQUIST ("Deb") met through the social media application TIK TOK in which both Plaintiffs and Defendants would comment and like each other's posts.

12. At all times relevant to this Complaint, Deb was once a personality on the Howard Stern Radio Show.

13. At all times relevant to this Complaint Plaintiff FRANK RODER is disabled, and he has found comfort in the comraderies on the TIK TOK application.

14. In or about December of 2023, Defendant Deb behaviors started becoming aggressive towards Plaintiffs, falsely accusing him and her of using her to socially climb using her social clout as a former "celebrity," which was relatively harmless, but began a series of events giving rise to this action.

15. On or about September 30, 2023, Plaintiffs were on vacation in the State of South Carolina, and went to visit the home of Defendant Deb to try and mend the parties' relationship.

16. On or about September 30, 2023, while Plaintiffs were waiting at the property of Defendant Deb to answer her phone, Defendant Deb called law enforcement for no rational reason, to make false allegations against Plaintiffs.

17. On or about September 30, 2023, when the police enforcement arrived at the Defendant's property, they stated that the Defendant felt unsafe, in danger, that the Defendants stated that the Plaintiffs were going to kill her animals, rob her and chop her body up, serious

18. On or about September 30, 2023, the Defendant Deb went on a live video on the social media application TIK TOK, and falsely stated that:

   a. Plaintiffs were getting arrested because the two were trying to kill her animals, rob her, and chop her body up, a serious crime. Thousands of viewers across the world heard these allegations.

19. Thereafter, Defendant Ben, a stranger to Plaintiffs became involved, and started to threaten Plaintiffs lives, and falsely accusing Plaintiffs of crimes such as trying to kill animals.

20. On or about October 9, 2023, Defendant Ben posted the Plaintiff D'AVINO's full name, Real Estate MLS number, falsely stating she had committed fraud, a serious crime. Defendant Ben has engaged in a campaign of publishing Plaintiff D'AVINO's personal information to the internet via the application Tik Tok, shortly thereafter Defendant Deb did the same.

21. At all times relevant to this Complaint, Defendant Ben displayed firearms and weapons online threatening the lives of Plaintiffs for no justifiable reason.

22. On or about October 9, 2023, Defendant Ben, contacted the workplace of Plaintiff D'AVINO pretending to be a disgruntled customer, and accusing her of committing the above-mentioned crimes. Defendant Deb has encouraged her followers to do the same.

23. At all times relevant to this complaint, Plaintiffs have not committed, or attempted to commit the above-mentioned serious crimes.

24. At all times relevant to this Complaint, Defendant Deb has engaged in a daily, repeated, consistent, live videos on Tik Tok reiterating the above-mentioned false claims, to have her internet followers to harm Plaintiffs.

25. At all times relevant to this Complaint, the Defendants' wrong acts have caused Plaintiff D'AVINO'S employers to threaten termination based upon the false allegations being published and broadcasted by Defendants jointly and separately.

26. At all times relevant to this Complaint, Defendant Deb is encouraging her viewers to physically harm Plaintiffs based upon the above-mentioned false allegations.

27. At all times relevant to this complaint Defendants profit from his and her postings on the Tik Tok application.

## Cause of Action

### COUNT I

**NEW YORK COMMON LAW – DEFAMATION OF CHARACTER**
**As to All Defendants**

28. Plaintiffs repeat and reallege the above-mentioned allegations as if fully states herein, and further state that Defendants have falsely accusing Plaintiffs of being charged and committed serious crimes.

29. Such statements made by Defendants have injured Plaintiffs in his and her trade and profession.

30. Plaintiffs have suffered mental, financial damages, at the hands of Defendants for the reasons set forth above.

31. Defendants above-mentioned bad acts constitute Defamation *Per se*.

32. By reason of the above-stated, Plaintiff requests judgment in an amount to be determined by the Court, but in no event less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

### COUNT II

**NEW YORK COMMON LAW – Violation of NY Civil Rights Law §§ 50 & 51**
**As to All Defendants**

33. Plaintiffs repeat and reallege the above-mentioned allegations as if fully states herein, and further state that Defendants have falsely accusing Plaintiffs of being charged and committed serious crimes.

34. Defendants, who using the application Tik Tok in his and her trade, as personalities, have used Plaintiffs name, picture, voice, for advertising, and in Defendants trade to profit.

35. Plaintiffs have not provided Defendants written consent, or any consent whatsoever.

36. By reason of the above-stated, Plaintiff requests judgment in an amount to be determined by the Court, but in no event less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully demands judgment against Defendants as follows:

a) As to Counts I and II of this instant complaint, awarding compensatory damages to Plaintiffs as against Defendant in an amount to be determined by a jury, but in no event less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

b) Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action as against Defendants; and

c) Granting Plaintiffs all such other relief as may be just and proper.

Dated: October 20, 2023
      Brooklyn, New York

Respectfully submitted,

LAW OFFICE OF VICTOR M. FERARU

By: _____
    Victor M. Feraru, Esq.
1225 Franklin Avenue
Suite 325
Garden City, New York 11530
Tel: 516-699-2285
Email: victor@vicslaw.com

*Attorneys for GLORYANNE DAVINO and FRANK RODER*