UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GLORIANNE R. D'AVINO and FRANK
RODER,

                     Plaintiffs,

    -against-

DEBORAH LEMQUIST and BENJAMIN
SYNDER,

                     Defendants.
---------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

23-cv-7868 (GRB)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

This matter is before the Court on referral from the Honorable Gary R. Brown to oversee and manage discovery. For the reasons set forth herein, the Court respectfully recommends *sua sponte* that the claims brought by Plaintiffs Glorianne R. D'Avino and Frank Roder (together, "Plaintiffs") be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Court further recommends that such dismissal become with prejudice if Plaintiffs do not file proof of service of the Second Amended Complaint or a motion for leave to effect alternative service within 60 days of a final order on this issue.

**I.    BACKGROUND**

By way of Complaint dated October 20, 2023, Plaintiffs brought this action against Deborah Lemquist and Benjamin Synder (together, "Defendants") asserting claims of defamation and violation of New York Civil Rights Law §§ 50 and 51. *See* Complaint, DE [1]. Plaintiffs filed an Amended Complaint that same day. *See*

1

Amended Complaint, DE [2]. On October 23, 2023, Plaintiffs requested leave to file an order to show cause to request a temporary restraining order against Defendants, pursuant to Fed. R. of Civ. P. 65(b) and Local Civil Rule 6.1(d). *See* DE [7]. Judge Brown set a briefing schedule for Plaintiffs' application and scheduled oral argument. *See* Order dated Oct. 25, 2023. After Plaintiffs failed to file their motion or otherwise take action in connection with this case, Judge Brown canceled the hearing. *See* Order dated Oct. 30, 2023.

On December 7, 2023, Plaintiffs sought leave to file a Second Amended Complaint, which this Court granted on December 11, 2023. *See* DE [11]; Second Amended Complaint, DE [12]; Electronic Order dated Dec. 11, 2023. Plaintiffs did not file proof of service of the Second Amended Complaint and this Court set a deadline of March 14, 2024 for a status report regarding service and whether Plaintiffs intend to pursue this action. *See* Electronic Order dated Feb. 29, 2024. After no status report was filed, this Court extended the deadline to March 26, 2024. *See* Electronic Order dated Mar. 19, 2024.

On April 2, 2024, Plaintiffs filed a letter application seeking permission to serve Defendants through alternative means. *See* DE [13]. The Court denied Plaintiffs' application with leave to renew, ordering Plaintiffs to set forth their prior attempts to serve Defendants and comply with this Court's individual rules for service of motions. *See* Electronic Order dated Apr. 9, 2024. Further, the Court cautioned Plaintiffs that failure to comply with this order may result in a recommendation that "this action be dismissed for failure to prosecute." *Id.* On April

23, 2024, Plaintiffs requested an extension of time to file their motion to May 3, 2024, which this Court granted. To date, Plaintiffs have not filed their motion or sought a further extension for time.

## II. LEGAL STANDARD

Rule 41(b) authorizes the district court to dismiss a complaint if a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b); *see LeSane v. Hall's Sec. Analyst. Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."). In considering whether dismissal for failure to prosecute is proper, courts consider the following factors:

> (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less dramatic than dismissal.

*Green v. Rodgers*, No. 15-cv-2260, 2017 WL 1208746, at *6 (E.D.N.Y. Mar. 15, 2017) (citing *Davis v. Town of Hempstead*, 597 Fed. App'x. 31, 32 (2d Cir. 2015)), *report and recommendation adopted*, 2017 WL 1216524 (E.D.N.Y. Mar. 31, 2017); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). In conducting the analysis under Rule 41(b), "no one factor is dispositive." *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Moreover, a court is not required to discuss each factor at length so long as an explanation for dismissal is given. *See Martens v. Thomann*, 273

3

F.3d 159, 180 (2d Cir. 2001); *see also Baptiste*, 768 F.3d at 217 (observing that district courts are not expected to "make exhaustive factual findings or to utter . . . robotic incantations") (internal quotation marks and citation omitted). Ultimately, whether to dismiss a case for failure to prosecute lies within the court's discretion. *U.S. ex rel. Reliable Constr. PM, Inc. v. Land Frog, Inc.*, No. 13-cv-7351, 2015 WL 740034, at *2 (E.D.N.Y. Feb. 20, 2015) (citation omitted).

### III. DISCUSSION

Applying these standards, the Court respectfully recommends dismissal of Plaintiffs' claims pursuant to Rule 41(b) for failure to prosecute. As detailed above, Plaintiffs have repeatedly failed to comply with deadlines ordered by Judge Brown and this Court. Most recently, Plaintiffs have failed to file their motion for leave to effect alternative service, despite an extension granted by this Court and a warning that this case may be dismissed for failure to prosecute. Moreover, the Court notes that under Fed. R. Civ. P. 4(m), Plaintiffs were required to serve Defendants with the Second Amended Complaint on or before March 6, 2024. *See* Fed. R. Civ. P. 4(m). For each of these reasons, it appears that Plaintiffs are no longer interested in pursuing their claims. Accordingly, the Court recommends that the claims be dismissed without prejudice pursuant to Rule 41(b). If Plaintiffs do not file proof of service of the Second Amended Complaint or a motion for leave to effect alternative service within 60 days of the final order on this issue, the dismissal should be with prejudice.

## IV. CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Plaintiffs' claims be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). The Court further recommends that such dismissal become with prejudice if Plaintiffs do not file proof of service of the Second Amended Complaint or a motion for leave to effect alternative service within 60 days of a final order on this issue.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiffs by electronic filing on the date below. Plaintiffs' Counsel is directed to serve a copy on Defendants within three days of the date below and promptly file proof of service via ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within this specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Wolvier*, No. 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.2d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       May 14, 2024

                                        /s/ Steven I. Locke
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge